I do not see what standing Mrs. Wright, the widow, has in any event on this petition. Her husband died without a will. She is only entitled to dower, and that will not pass to the assignee. She is not delayed, and therefore has no right to relief here.

## Case No. 18,069.

### In re WRIGHT.

[1 N. B. R. 393 (Quarto 91).] [1]

District Court, D. Kentucky. 1873.

REGISTER IN BANKRUPTCY—CERTIFICATE OF QUESTION.

A question, in order to be properly certified to the judge, must arise regularly in the course of proceedings before the register, and between the parties having the legal right to raise it.

[Proceedings in the matter of J. W. Wright, a bankrupt.]

BALLARD, District Judge. I do not see how the "point or matter" certified in this case under date of January 29, 1868, could have arisen "during the proceedings before the register," or "in the course of such proceedings, or upon the result of such proceedings." If the assignee should move the court for an order requiring the bankrupt to surrender to him the yoke of cattle owned by the bankrupt at the adjudication in bankruptcy, or if the assignee should sue the bankrupt for the cattle, then it is possible the question of title might arise before the register sitting in chambers to dispose of "uncontested matters" under the fourth section of the bankrupt act [of 1867 (14 Stat. 519)] and rule 28 of this court, which it might be his duty to cause "to be stated by the opposing parties in writing," and to "adjourn the same into court for decision by the judge." But it does not appear that any such motion has been made, or that any such suit has been brought, or that the assignee is even a party to or is cognizant of this proceeding. If any one is entitled to the possession of the yoke of cattle in question against the bankrupt it is the assignee, and not the creditor. The question of title can be decided only in some direct proceeding between the assignee and the other party claiming.

I have already suggested two modes by which the question certified might properly have arisen. Section 6 of the act prescribes another, and doubtless there are still other modes. Section 6 provides that, "in any bankruptcy, or in any other proceedings within the jurisdiction of the court under this act, the parties concerned or submitting to such jurisdiction may at any stage of the proceedings, by consent, state any question

[1] Reprinted by permission.

or questions in a special case for the opinion of the court," &c. The provision contemplates a submission to the court of any question by a proceeding in the nature of an agreed case. The mode of proceeding in such a case is well understood by all lawyers, and need not be here stated. I wish to state, once for all, that it is not every question made by parties in the presence of a register that is to be certified by him for decision by the judge. It must be a question arising properly in the course of the proceedings before him,—that is, it must arise regularly in the course of the proceedings before him, and between parties who have the legal right to raise it,—otherwise, the judge might be called on to decide innumerable abstract questions, when his decision would, of course, conclude nothing and bind no one.

I decline to decide the question certified in this case, because it was not made by parties having the right to make it, and because it does not seem to have arisen in any proceeding before the register. I do not wish to be understood as saying that creditors of a bankrupt cannot, under any circumstances, nor in any way, raise such a question as is here certified. Possibly, upon their suggestion that the assignee was acting in bad faith and refused to raise such question, or upon some similar suggestion, they might be heard. But there is no such suggestion here.